**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5161

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAMONT ANTWON SANDERS, a/k/a Twon,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (1:06-cr-00087-JFM)

Submitted: March 7, 2008          Decided: April 7, 2008

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John A. Bourgeois, Steven M. Klepper, KRAMON & GRAHAM, P.A., Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, John W. Sippel, Jr., Michael J. Leotta, Assistant United States Attorneys, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Lamont Antwon Sanders entered a conditional guilty plea to possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a) (2000), possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1) (West 2000 & Supp. 2007). Sanders reserved the right to challenge on appeal the district court's denial of the motion to suppress the evidence seized from his apartment at 629 S. Beechfield Avenue. He raises numerous claims challenging the validity of the search warrant and the district court's conclusion that the good faith exception to the exclusionary rule applied. Finding no reversible error, we affirm.

Sanders asserts for the first time on appeal that Detective Brooks violated Sanders' Fourth Amendment rights by using Sanders' keys to enter the Beechfield Avenue apartment before the state court judge issued the warrant and by conducting a protective sweep of that apartment. Next, Sanders asserts that Detective Brooks illegally searched another address without a warrant and that such search then rendered the items seized at the Beechfield Avenue apartment fruit of the poisonous tree. Sanders also contends that the search warrant was invalid because he did not make any representations to Detective Brooks about where he lived.

- 2 -

Because Sanders believes that the warrant was based upon Brooks' misleading statements, he asserts that the district court's factual finding that he concealed the Beechfield Avenue apartment was clearly erroneous. Sanders did not raise these claims in the motion to suppress filed in the district court. Accordingly, we find that they are waived under the terms of his plea agreement. See Fed. R. Crim. P. 12(b)(3), (f); United States v. Ricco, 52 F. 3d 58, 62 (4th Cir. 1995); United States v. Lockett, 406 F.3d 207, 212 (3d Cir. 2005) ("[I]n the context of a motion to suppress, a defendant must have advanced substantially the same theories of suppression in the district court as he . . . seeks to rely upon in this Court.").

Sanders also asserts on appeal, as he did below, that the search warrant was invalid because there was no probable cause to believe that his drug activity was linked to the Beechfield Avenue apartment and that the good faith exception did not apply. We review the district court's factual findings underlying a motion to suppress for clear error and the district court's legal determinations de novo. United States v. McCoy, 513 F.3d 405, 410 (4th Cir. 2008) (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the Government. United States v. Colonna, 511 F.3d 431, 434 (4th Cir. 2007).

In reviewing the validity of a search warrant, the relevant inquiry is whether, under the totality of the circumstances, the issuing judge had a substantial basis for concluding that there was probable cause to issue the warrant. Illinois v. Gates, 462 U.S. 213, 238 (1983); see United States v. Chandia, 514 F.3d 365, 373 (4th Cir. 2008) (noting that magistrate's probable cause determination entitled to "great deference"); United States v. Grossman, 400 F.3d 212, 218 (4th Cir. 2005) ("[I]t is reasonable to suspect that a drug dealer stores drugs in a home to which he owns a key."). Even if a warrant is found to be defective, the evidence obtained from the defective warrant may nevertheless be admitted under the good faith exception to the exclusionary rule if the officers' reliance on the warrant was objectively reasonable. United States v. Leon, 468 U.S. 897, 922-23 (1984). With these standards in mind, we have reviewed the parties' briefs and the record on appeal and conclude that the district court did not err in denying Sanders' motion to suppress.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED